Pearson, J.
Three questions are presented : 1st. The will has this clause: “ I desire that my two negro men, Allen and Samuel, shall continue to labor for the benefit of my estate, for three years after my death : or pay the sum *255 of seven hundred and fifty dollars each to my executor. At the expiration of that time (three years), I desire that they may be permitted to select their masters: and do authorize and empower my executor to sell them to such person or persons as they may select, at a nominal price: or to liberate them, if it can be done consistently with the laws of North Carolina, as they may prefer: my intention and desire being to have them kindly treated and properly taken care of for the remainder of their lives,” etc.
It is evident that the testator intended to sell these negroes to themselves, at the price of $750 each, or three years labor “for the benefit of his estate,” under the stimulus of a promise of freedom. Two questions are presented : Suppose they prefer to enjoy their freedom in this State, by selecting some one, who is to become their ostensible owner, at a nominal price, and who will “treat them kindly, and take care of them for the remainder of their lives.” Is this a lawful trust, such as the executor is at liberty to carry into execution ? We think not. For it is only another name, or mode, or disguise, under which to make free negroes, and introduce a sort of quasi freedom, wholly incompatible with our institutions. Should the negroes prefer to remain in this State, it will be the duty of the executor to sell them as slaves, and to account to the estate for a fair and reasonable price. Of course, he has a discretion, and is not obliged to put them up on the block, to the highest bidder; but may sell them at private sale, to any one who will give a fair price for them as slaves.
Suppose they may prefer to be emancipated. The executor may then adopt one of two courses, either of which, according to the decisions of this Court, can be done consistently with the laws of North Carolina. He may give the bonds required by the statute, and send them out of the •State: or he may send them out of the State, and thus liberate them without the bonds. Thompson v. Newlin, 8 Ire. Eq. 32, Wooten v. Becton, 8 Ire. Eq. 66.
*256 2d. There is this clause: “ Should my negro woman, Harriet, desire to be sold in the neighborhood of Washington, where she was raised, I authorise and request my executor to sell her and her child Sophy to such person as she may select in that neighborhood, and for such price as he may think proper. My executor is further authorised, requested and empowered to hire out said Harriet for six or twelve months, to such person as she may select, which will give her an opportunity of choosing her master, or she may remain with her mistress eight or ten years, if she wishes.”
Haniet preferred to remain with her mistress (the widow of the testator): but she has had several children, and, as the widow says, her services are not worth the maintenance of herself and children. The question is, can the executor pay the widow a reasonable sum for maintenance? We think not. The testator evidently intended to favor Harriet, and took it for granted that ‘‘her mistress” would keep her and Sophy eight or ten years; but he seems not to have thought about the children she might have afterwards; and, while intending a favor to her, there is nothing to show that he intended to put a burden on his estate, or on his widow. The result, therefore, is, that, if the widow is not willing to maintain Harriet and her children, free of charge, the executor must sell her. In making the sale, he has a wide discretion, according to the intention of this testator, and may sell to any person in the neighborhood of Washington, Harriet may select, for a reasonably fair price, at private sale. And it is evidently the testator’s intention, that not only the child Sophy, but the children born since, should be sold with their mother, to some kind master. And, in reference to this, the executor is at liberty to aid the woman with his advice in making a selection.
3d. Can the executor resign? We think not. He has accepted and entered upon the discharge of his trust, and *257 ban only be removed upon a suggestion of unfitness or unfaithfulness : neither of which is alleged.
There must be a decree according to this opinion.
Per Curiam. Decree accordingly.