Pearson, C. J.
 

 A husband dies leaving a last will and testament, in which he appoints his wife sole executrix. She offers the will for probate, and qualifies as executrix. The question is, does she by doing so, waive her right to dissent from the will ? or can she afterwards enter her dissent and
 
 *288
 
 claim dower, a year’s provision and distributive share as if her husband had died intestate?
 

 This Court is of opinion that by qualifying as executrix and taking on herself the burthen of executing the will, she waived her right to dissent.
 

 Our conclusions are based on several considerations, all or any one of which, it seems to us, are sufficient to sustain it.
 

 The act of qualifying as executrix, and undertaking
 
 upon
 
 oath, to carry into effect the
 
 provisions
 
 of the will, is irrevocable. She cannot now renounce and discharge herself from the duties thereby assumed. This is settled law. It follows that she thereby waived any right, which she before had, which'is inconsistent with the act done and the duties assumed.
 

 The right to dissent is inconsistent with her act of qualifying as executrix, and the duties thereby assumed in this:
 

 1. The appointment and qualification of one as executrix, operates as an assignment in law, and vests the whole personal estate in such executor. If one executes a writing by which he appoints A B his executor, that is a will. A B thereby becomes the owner of the estate, and after
 
 paying
 
 off the debts, is, by the common law, entitled to the surplus.
 

 If one executes a writing by which he disposes of his property after his death, without appointing an executor, that is a testament. If he does both, that is appoints an executor, and also disposes of his estate, or a part thereof, that is
 
 “
 
 a last will and testament.” The executor becomes the owner of the estate, and after paying off the debts and legacies, is entitled by the common law, to the surplus. Thus, it is seen that
 
 the office of executor
 
 is deemed in law of great importance ; it draws to it the ownership, control and management of the entire personal estate, and gives a right (at common law) to the surplus. It is, therefore, manifestly inconsistent for a widow to claim the office and its rights and incidents under the will, and at the same time to enter her dissent and claim dower, year’s provision and a distributive share, as if her husband had died intestate ; in other words, there is an inconsis
 
 *289
 
 tency in. claiming the office
 
 under the
 
 will, and' at the. same time claiming rights as if there was no will.
 

 2. Upon qualifying, she assumes the duty and undertakes; on oath to. carry into effect the several provisions of the will,, and it is. inconsistent, afterwards, to do an act which, defeats,, or in a great degree deranges the provisions of- the. will an.d disappoints the intention of the testator- therein expressed),
 

 3. A husband having- entire confidence in his wife, ap-. points her the. executrix of his will, an,d thereby assigns to, her the title to, and the right to control; and manage bits whole, estate; can she, in good faith, accept the. trust, apd; after-wards set up a claim adverse, and which, of necessity, pre-. vents the execution of the trust confided to, and assumed by her.
 

 A. We will not say that a wife is called on in. the lifetime of her husband, to make known to him that she is not satisfied with the provisions of his will, for the law confers op her the right to dissent after his death ; but we do say, that if she intends to dissent, and wishes to avoid all imputation of a design to take advantage of the confidence reposed in her, she should renounce the right to qualify under the will ^ for, by doing so, she enables the court to. appoint an administrator, with the will annexed, who will represent and take care of the interest of the estate when she sets up claim to a year’s provision,, and when she claims to have her distribuí tive share allotted j whereas,, by accepting the appointment and qualifying as executrix, she gets the whole matter in her-own hands, and while undertaking to represent and take care of the interests of the estate
 
 under the will,
 
 she will be “ led into, temptation” to. take care of her own. interest
 
 against
 
 it.
 

 Per Curiam,
 

 Judgment- reversed and the petition,- dis-. missed,