STEPHEN McINTYRE et al., exrs. of E. K. PROCTOR, JR., v. LIZ-
ZIE PROCTOR et al.

(Filed 23 October, 1907).

1. **Executors and Administrators—Resignation—Causes.**

At common law an administrator or executor who had duly
qualified and entered on the performance of his duties had no
right, at his own desire and for his own convenience, to resign his
office, and such cannot be now done, except for causes specified
in the statute (Revisal, secs. 34, 35, 36, 37, 38), or for equivalent
causes.

2. *Same—Parties Interested—Resignation Desired.*

The power of the Clerk of the Court to revoke letters testa-
mentary after the executor had qualified and entered upon the
performance of his duties exists for the good of the estate and its
proper administration, and should only be exercised by reason of
some unfitness or unfaithfulness on the part of the trustee, and
never simply because the parties interested desire it.

3. **Same—Saving Expense—Benefit of Estate.**

When it only appears from the petition of the executor, asking
to be relieved from the duties of his office, that the affairs of the
testator had been administered upon, except collecting the rents
and profits from the real estate, the dividends from moneys in-
vested, and paying such portions thereof as may be necessary for
the support, maintenance and education of the family of the
intestate, according to the directions contained in the will and
the duties thereby imposed, it is not within the power of the
Clerk of the Court to grant the prayer of the petition, though it
was made to appear that a son of the testator has become of age
since the testator's decease, is a practicing attorney, competent
and willing to administer, and that some expense would be thereby
saved in the further administration of the estate.

PETITION by executors that they be allowed to resign, heard
on appeal from the Clerk, before *Jones, J.,* at August Term,
1907, of the Superior Court of ROBESON County.

The petitioners, having qualified as executors of the last
will and testament of E. K. Proctor, deceased, proceeded to
collect the assets and pay the debts of their testator, and, hav-
ing in their possession quite an amount of property, real and
personal, to be managed and applied under the provisions of
the will, filed their petition before the Clerk of the Court

that they be allowed to resign their office in favor of a son of the testator, now grown, who is ready and willing to act as their successor, and is capable of discharging the duties of the office. The widow and children and heirs at law of the testator were made parties defendant, and a guardian *ad litem* for the infants duly appointed. On the hearing, the Clerk, having found the allegations of the petition to be true, held as follows: "Upon the foregoing facts the Court is of opinion that, as a matter of law, it has no power to permit the petitioners to resign as executors and trustees of the estate of E. K. Proctor, Jr., and that the Court has no power to appoint James D. Proctor as administrator *de bonis non*," etc.; and thereupon adjudged that the prayer of the petitioners be refused.

On appeal the Judge reversed the ruling of the Clerk and directed that the Clerk proceed in accordance with such ruling, and defendants excepted and appealed.

*Stephen McIntyre* and *McIntyre & Lawrence* for plaintiffs.
No counsel *contra*.

HOKE, J., after stating the case: The allegations of the petition relevant to the inquiry admitted by the answer, and found to be true on the hearing, are as follows: "(3) That your petitioners have collected all the assets belonging to said estate, and have paid all debts due by the said estate, and have in all respects complied with the terms and provisions of the said last will and testament, and have made all investments as therein provided, and have satisfied all legacies to be satisfied, all of which will more fully appear from the annual accounts filed by your petitioners, as executors, in the office of the Clerk of the Superior Court of Robeson County, to which said reports reference is hereby made. (4) That your petitioners have so far administered the said trust that nothing now remains to be done except to collect the rents and profits

from the real estate owned; and the dividends from the moneys invested, and to expend such portions thereof as may be necessary for the support, maintenance and education of the family of said E. K. Proctor, Jr., as by the said will provided. (5) That your petitioners are informed and believe that, under the terms and provisions of the said will, the said trust cannot be finally closed and settled until the youngest child of the said E. K. Proctor, Jr., attains his majority, and, inasmuch as said youngest child, Robert W. Proctor, is now of the age of about eight years, it will be some thirteen years before said trust can be finally closed and settled. (6) That the administration of the said period of thirteen years will be very expensive to the said State and a heavy charge upon the said children and devisees of the said E. K. Proctor, Jr., the same to be the more considered on account of the fact that the utmost economy must be used in order that there may be property sufficient to provide a support, maintenance and education for all of the said children until they attain their majority. (7) That the widow and all the children of the said E. K. Proctor, Jr., reside in the town of Lumberton, N. C., and no general or testamentary guardian has been appointed for the minor children. That all of the said children, except James D. Proctor, are infants and reside with their mother. (8) That James D. Proctor, eldest son of E. K. Proctor, Jr., has attained his majority and is now engaged in the practice of law in the town of Lumberton, N. C., and the widow and children of said E. K. Proctor, Jr., reside with him, under his care and protection. (9) That your petitioners believe, and so allege, that it would be to the best interests of the widow and children of the said E. K. Proctor, Jr., if the management of the said estate and the care and control thereof could be turned over to James D. Proctor, for the reason that the said James D. Proctor, residing as he does with the others of the family, is in a better position to know their actual necessities and so exercise

greater economy in their support and maintenance than can the present executors, and for the further reason that no commissions would be charged by him for his services in closing up the said trust and estate.    (10) That your petitioners have consulted Mrs. Lizzie G. Proctor, widow of E. K. Proctor, Jr., and the children who are capable of understanding, and they agree with your petitioners and are desirous that your petitioners be allowed to resign as executors and trustees of the estate of E. K. Proctor, Jr., and that the said James D. Proctor be appointed in their place and stead. (11) That your petitioners have consulted the said James D. Proctor, and he is willing to assume the duties which would be imposed upon him in case of his appointment as substituted trustee of the said estate, and he is prepared to give such bond as the court may require of him as a condition precedent to this appointment.    (12) That your petitioners are desirous of filing their last annual account, and of resigning their executorship and trusteeship in favor of the said James D. Proctor; and there are many reasons, business and sentimental, incapable of being set forth here, why it will be to the benefit of the widow and heirs at law of the said E. K. Proctor, Jr., that such change be made."    And on these facts we think the Clerk correctly ruled that he had no power to accept the proposed resignation and appoint a successor.    At common law, using the term in its broadest sense, an administrator and executor who had duly qualified and entered on the performance of his duties had no right, at his own desire and for his own convenience, to resign his office, and so put aside responsibility for the further performance of his duties. This has been directly held with us in the case of *Washington, exr., v. Blount,* 43 N. C., 253; and, without statutory authority, a clerk, for a like purpose, has no right to permit such resignation.    Our statutes, in various sections (Revisal, secs. 31, 34, 35, 37, 38), confer on the clerks the power to revoke the letters of administration for certain reasons therein

specified; section 38, containing the more general provisions on the subject, being as follows: "if it is made to appear that the person to whom the letters have been issued is legally incompetent or has been guilty of default or misconduct in the execution of his office, or that the letters have been obtained by false and fraudulent misrepresentations"; and, no doubt, for causes specified in the statute, or equivalent causes, as indicated by way of suggestion only, in *Tulburt v. Hollar,* 102 N. C., 406, the Clerk could permit the officer to resign and revoke the letters on such resignation. But the power exists for the good of the estate and its proper administration, and should only be exercised by reason of some unfitness or unfaithfulness on the part of the trustee, and never simply for his convenience or because the parties interested may desire it. While the principle is well established, both as to administrators and executors, it is more especially appropriate to the case of executors who are selected by the testator himself, usually because of his knowledge of their business capacity and his confidence in their integrity, or both; and, though they have in the first instance a right to decline the office, after they have accepted and are qualified they are not afterwards permitted to resign and voluntarily put aside its responsibilities. This case presents a good illustration of the doctrine and its proper application. A perusal of the will and the facts submitted in connection with the administration indicate that there is a good amount of property to be invested and managed, and that the duties incident to the trust will continue for some length of time. The testator has selected two of his friends to administer his estate and carry out his wishes, on account of their capacity and approved faithfulness, and they will no doubt continue to justify his confidence. There is no reason alleged or shown why they should be displaced, and the judgment of the Clerk should have been affirmed. Let this be certified and order entered accordingly.

　　Reversed.