IN RE WILL OF A. A. SHUFORD.

(Filed 13 December, 1913.)

**1. Wills—Widow's Dissent—Qualification as Executrix—Right Not Barred, When.**

A widow named in her husband's will as executrix with other executors, who has qualified, but received no benefits made under the provisions of the will, and who has acted under the advice of her son-in-law, an attorney, and with the assurance of the beneficiaries competent to make them, that she would be further provided for than the will directs, and by her coexecutors that they would use their best endeavors to procure a more adequate provision for her, is not barred of her right to dissent from the will within six months from the time it had been ascertained that this further provision could not be mâde; and the position of the executors, that they would not be protected from the claims of minor beneficiaries, under the circumstances in this case, is held a correct one.

**2. Wills—Bequests—Vested Interest—Husband and Wife.**

A bequest for the annual payment of a sum of money to a daughter of a testator, the beneficiary dying after the testator's death, leaving a husband and children, but no will, is held to vest the interest in the child named, and at her death the payment should be made to her husband.

APPEAL by executors of will from *Cline, J.,* at October Term, 1912, of CATAWBA.

*W. A. Self for executors.*
*Councill & Yount for Gordon Cilley.*
*B. B. Blackwelder for children.*

CLARK, C. J. This case was submitted upon facts agreed, upon three propositions:

1. Whether the widow was estopped to dissent from the will on 2 November, 1912, because she had qualified as executrix on 11 May, 1912. It is agreed as a fact that immediately prior to her qualification she advised with her son-in-law, who was an attorney at law, and was advised by him and also by her son, a reputable business man, that by arrangement among the devisees a further and more adequate provision would be made for

her than that in the will, and that if it was not done she would
have a period of six months in which to make her election to
dissent, and that just previous to her qualification she told the
other executors that the amount provided for her support and
maintenance in the will was insufficient, and that they assured
her that they would use their best endeavors to procure a more
adequate provision to be made for her, and that believing that
this would be done, she qualified as administratrix; that since
her qualification she has declined to accept the specific bequest
made to her under the will, and in the management of the estate
she has gone no further than to attend the meeting of the execu-
tors, discussing the affairs of the estate and signing certain
checks for the disbursement of money for the estate. All the
children now living have signed an agreement to increase the
allowance of $2,000 per year to her, which is provided in the
will, to $3,500 per year, but she is advised that said agreement
is insufficient in law to protect the executors in making such
additional provision for her, and it has been so held in this pro-
ceeding.

The widow having qualified as executrix, relying upon the ad-
vice of her son and son-in-law, the latter a member of the bar in
active practice, and upon an assurance of the other executors by
which she was led to believe that adequate provision would be
made for her, which indeed the living children have endeavored
to do, we think she was entitled to enter her dissent, notwith-
standing her qualification, which she has done within the six
months prescribed by the statute, upon finding that the assent of
the living children would not be a protection to the executors in
paying out the additional provision. *Richardson v. Justice,* 125
N. C., 410. In *Simonton v. Houston,* 78 N. C., 408, the widow
was allowed to claim her dower sixteen months after her quali-
fication as an administratrix, because she had not been aware
that the estate was insolvent when she qualified. This last, it is
true, was a very unusual case.

2. Under the third item of the will it was directed that $1,000
a year should be paid by the executors to each of testator's chil-
dren annually during the lifetime of his wife. One of said

children, Maud E. Cilley, has since died, leaving a husband and two children. The court properly held that this legacy was vested (*Guyther v. Taylor,* 38 N. C., 323; *Green v. Green,* 86 N. C., 546), and hence at her death, intestate, the payment should be made to her husband (Revisal, 4; *In re Meyers,* 113 N. C., 545; *Neill v. Wilson,* 146 N. C., 245); subject in his hands, of course, to the payment of the debts of his wife, if any. *Bank v. Gilmer,* 116 N. C., 701; *Whitaker v. Hamilton,* 126 N. C., 468.

3. The paper-writing signed by all the living children, agreeing that the allowance of $2,000 in the will should be increased to $3,500 annually, was properly held "insufficient in law to empower the executors to change the directions of the testator in section 2 of his will, in which he directed $2,000 a year to be paid her in lieu of her dower and distributive share." There is, besides, no appeal as to this point, which is in favor of the executors, who are the sole appellants in the record.

The judgment is, therefore,

Affirmed.