This case was submitted upon facts agreed, upon three propositions: *Page 108 
1. Whether the widow was estopped to dissent from the will on 2 November, 1912, because she had qualified as executrix on 11 May, 1912. It is agreed as a fact that immediately prior to her qualification she advised with her son-in-law, who was an attorney at law, and was advised by him and also by her son, a reputable business man, that by arrangement among the devisees a further and more adequate provision would be made for her than that in the will, and that if it was not done she would have a period of six months in which to make (134) her election to dissent, and that just previous to her qualification she told the other executors that the amount provided for her support and maintenance in the will was insufficient, and that they assured her that they would use their best endeavors to procure a more adequate provision to be made for her, and that believing that this would be done, she qualified as administratrix; that since her qualification she has declined to accept the specific bequest made to her under the will, and in the management of the estate she has gone no further than to attend the meeting of the executors, discussing the affairs of the estate and signing certain checks for the disbursement of money for the estate. All the children now living have signed an agreement to increase the allowance of $2,000 per year to her, which is provided in the will, to $3,500 per year, but she is advised that said agreement is insufficient in law to protect the executors in making such additional provision for her, and it has been so held in this proceeding.
The widow having qualified as executrix, relying upon the advice of her son and son-in-law, the latter a member of the bar in active practice, and upon an assurance of the other executors by which she was led to believe that adequate provision would be made for her, which indeed the living children have endeavored to do, we think she was entitled to enter her dissent, notwithstanding her qualification, which she has done within the six months prescribed by the statute, upon finding that the assent of the living children would not be a protection to the executors in paying out the additional provision. Richardson v. Justice, 125 N.C. 410. InSimonton v. Houston, 78 N.C. 408, the widow was allowed to claim her dower sixteen months after her qualification as an administratrix, because she had not been aware that the estate was insolvent when she qualified. This last, it is true, was a very unusual case.
2. Under the third item of the will it was directed that $1,000 a year should be paid by the executors to each of testator's children annually during the lifetime of his wife. One of said children, Maud E. Cilley, has since died, leaving a husband and two children. The court properly held that this legacy was vested (Guyther v. Taylor, (135) 38 N.C. 323; Green v. Green, 86 N.C. 546), and hence at her *Page 109 
death, intestate, the payment should be made to her husband (Revisal, 4; Inre Mayers, 113 N.C. 545; Neill v. Wilson, 146 N.C. 245); subject in his hands, of course, to the payment of the debts of his wife, if any. Bank v.Gilmer, 116 N.C. 701; Whitaker v. Hamilton, 126 N.C. 468.
3. The paper-writing signed by all the living children, agreeing that the allowance of $2,000 in the will should be increased to $3,500 annually, was properly held "insufficient in law to empower the executors to change the directions of the testator in section 2 of his will, in which he directed $2,000 a year to be paid her in lieu of her dower and distributive share." There is, besides, no appeal as to this point, which is in favor of the executors, who are the sole appellants in the record.
The judgment is, therefore,
Affirmed.
(136)