In re Will of E. H. Meadows, Deceased.

(Filed 14 March, 1923.)

**1. Probate—Wills—Courts—Orders—Modification.**

Courts having power to admit wills to probate may, in proper instances and on motion and due notice made and given in apt time, set aside the proof of a will in common form had before them, and recall letters of administration or other orders made in such proceedings, or modify them, when it is clearly made to appear that their adjudications or orders have been improvidently granted, or the court has been imposed upon or misled as to essential and true conditions existent in a given case.

**2. Probate—Courts—Clerks of Court—Revocation of Letters—Wills—Widows—Dissent.**

Where the clerk of the court has admitted a will to probate in common form, and the wife of the deceased has petitioned the clerk to set aside her letters of appointment as executrix therein in order that she may dissent from the will, with allegation and proof that she was at that time physically exhausted and consequently mentally incapable of understanding the consequences of her acts, and that she had acted under the direction of others: *Held,* the allegations and evidence, if proven, were sufficient for the clerk to revoke the letters he had issued to her.

**3. Same—Appeal—Superior Courts.**

Where the allegations of a petition by the widow are sufficient with supporting evidence to set aside letters of administration the clerk had issued to her upon admitting to probate the will of her husband in common form, and she has appealed from an order of the clerk adverse to her, rendered on the ground that she had not sufficiently established her allegations, it is incumbent on the judge to pass upon the controverted facts, and thereon render such judgment as it appears to him that justice and right require.

**4. Same—Questions for Court—Jury.**

Where the allegations and evidence are sufficient for the clerk of the Superior Court to annul letters of administration he has issued to the wife, in her petition therefor, in proceedings properly prosecuted, the clerk or the judge, on appeal, may impanel a jury to try the facts and aid the court in determining them; but the court may disregard the verdict and reach and establish its own conclusions thereon.

**5. Probate—Courts—Letters of Administration—Revocation—Widows—Dissent—Arbitration—Estoppel.**

*Held,* under the facts of this case, the widow was not estopped in her proceedings to have the clerk revoke letters of administration he had issued to her as executrix under the will of her deceased husband, by having submitted to arbitration a matter concerning personal property in controversy between her and her granddaughter, both claiming against the will.

**6. Same—Appeal and Error.**

In these proceedings, upon the petition of the widow to set aside letters testamentary issued to her by the clerk of the court, as executrix under

her deceased husband's will, which has been admitted to probate in common form, it appears that they were sufficiently broad to apply to and include the probate of the will, the qualification, and an agreement between the widow and her granddaughter to arbitrate, and the Superior Court judge, on appeal, was in error in failing to determine the facts, and in concluding that the widow was estopped as a matter of law by her agreement to arbitrate.

PETITION and motion, heard on appeal from the clerk of the Superior Court, before *Grady, J.*, at February Term, 1922, of CRAVEN.

The petition was filed in June, 1921, by Mrs. R. J. Meadows, widow of E. H. Meadows, deceased, before the clerk of the Superior Court, acting as probate judge of said county, to recall letters of administration, issued in part to petitioner and set aside the same as to her, with a view of enabling her to dissent from her husband's will and file her petition for dower and year's support, etc., as in case of intestacy.

In support of her petition her affidavit is filed to the effect that her husband died in said county on 21 January, 1921, leaving a last will and testament and appointing petitioner and two of his nephews as coexecutors of said estate. That on 24 January, 1921, on application, said will was duly admitted to probate and letters issued to the three executors named, and they were qualified pursuant thereto. That at the time of her said qualification, and for some time thereafter, from the continued and constant anxiety and strain from her husband's last illness, she was utterly broken down and mentally and physically incapable of attending to any business or of understanding the effect of what she was doing. That she signed papers as she was advised and instructed, but she did this mechanically, as she was told, and without knowing at the time what she was doing, and the effect of the same. That she did not know the contents and was not in a condition to consider or weigh any matter of business, etc.

These allegations were fully denied in opposing affidavits, and on the hearing before the clerk the motions were denied, he being of opinion that the petitioner's allegations of fact were not sustained. On appeal to the Superior Court a jury was impaneled as requested by petitioner, to determine the essential and pertinent facts, and pending the hearing, the court being of opinion that petitioner was estopped in her application by reason of having entered into an arbitration agreement of date 25 January, 1921, and an award pursuant thereto concerning the title and claim to certain property in dispute chiefly between the petitioner and a granddaughter of the testator, without otherwise considering the facts offered, and on account of the estoppel entered judgment that the petitioner was not entitled to renounce her office or to claim dower or year's allowance, and that said petition be dismissed at her costs. From this judgment, petitioner, having excepted, appealed.

IN RE MEADOWS.

*Aydlett & Simpson and R. A. Nunn for petitioner.*
*Guion & Guion for respondents.*
*C. R. Pugh and Moore & Dunn for Mary Meadows Stratton, respondent.*

HOKE, J.  It is the approved practice in this jurisdiction that courts having power to admit wills to probate may, in proper instances and on motion and due notice made in apt time, set aside the proof of a will in common form had before them and recall letters of administration or other orders made in such proceedings, or modify same, where it is clearly made to appear that their adjudications and orders have been improvidently granted, or the court has been imposed upon or misled as to the essential and true conditions existent in a given case.  The principle is referred to and to some extent considered in the recent case of *In re Johnson,* 182 N. C., 522-524, the Court citing for the position *Edwards v. Edwards,* 25 N. C., 82.  It is also noted in that case that on such a motion and inquiry a jury trial is not allowed as of right, but the matters in dispute are properly dealt with as questions of fact by the court before which the action is pending, or to which it may be carried by appeal, citing *In re Battle,* 158 N. C., 388; *Taylor v. Carrow,* 156 N. C., 6; *Edwards v. Cobb,* 95 N. C., 5.

True, the court in such a case may, if it so desires, impanel a jury on the essential and pertinent questions presented, but like the disposition of feigned issues, in the old equity practice, the verdict is not necessarily controlling, but is to be regarded only as an aid to correct conclusion by the court, which may accept and act on or disregard it as it may deem best and right, the responsibility and ultimate decision of all pertinent matters being with the court.  2d Beach Modern Equity, sec. 666.

In the present case the clerk, after fully considering the petition and the affidavits offered in its support, has rejected the application, finding that the allegations are not supported by the evidence.  On appeal, the court, without considering the evidence on the principal questions, has dismissed the petition, being of opinion that the petitioner is estopped by having entered into an arbitration agreement touching certain disputed matters involved in the inquiry, but we do not concur in this view. This alleged arbitration entered into on 25 January, the day after the will was admitted to probate, seems to concern chiefly certain personal property, the title to which was in dispute between the petitioner and Mrs. Stratton, a granddaughter of the testator, and as to which both are claiming, not under the will, but against it, and it does not sufficiently appear that either the agreement or the award should necessarily and as a conclusion of law operate as an estoppel in the matter.  Apart from

this, a perusal of the record will disclose that the intestate died on 21 January. The will was admitted to probate on 24 January, and the arbitration agreement was entered into on 25 January, the next day, and both the allegations and the evidence offered by the petitioner are broad enough to include and apply to both the probate of the will, the qualification, and the agreement to arbitrate, and we are of opinion that this must be heard and considered by the appellate court.

We were cited by counsel for the appellee to a number of decisions of this Court to the effect that where a widow or other who has offered a will for probate and qualified as executrix thereunder and entered on the duties of her office, or knowingly taken property thereunder, may not afterwards be allowed to resign or to further dispute or question the validity of the will or the disposition of property made thereunder. See *McIntire v. Proctor,* 145 N. C., 288; *Tripp v. Nobles,* 136 N. C., 104; *Syme v. Badger,* 92 N. C., 712; *Mendenhall v. Mendenhall,* 53 N. C., 287. But in those cases it appears that the parties affected were clothed throughout in their right mind and in reasonable apprehension of what they were doing. In none of them was the question presented as it appears in this record, where there is a direct application to recall the letters issued to the petitioner and set aside her qualification, on allegations with supporting evidence that she was at the time mentally and physically disqualified from attending to the business in hand or having any intelligent concept of what she was about. See *In re Shuford's Will,* 164 N. C., 132, and cases cited.

We are, of course, making no comment on the truth or probability of petitioner's statement one way or the other. That is entirely a matter for the appellate court who may be called on to review the action of the clerk. But we are of opinion, as stated, that the evidence offered must be considered and the matter determined thereon as the right and justice of the case may require.

This will be certified that the judgment dismissing the petition be set aside and the cause further heard on the competent evidence offered.

Reversed.