MAUDE JOYCE v. TOM JOYCE AND FLOYD H. (JACK) JOYCE, CO-EXECU-
TORS OF THE ESTATE OF FLOYD P. JOYCE, TOM JOYCE, FLOYD H.
(JACK) JOYCE, CLEO STONE, NINA BILLINGS AND ESTELLE AR-
RINGTON.

(Filed 19 December 1963.)

**Wills § 60—**

Adjudication that the fact that the widow had qualified as executrix did not estop her from resigning and filing a dissent to the will within six months of probate upheld, it being made to appear that at the time of qualifying she was in a state of mental and physical exhaustion and that she was an elderly woman of limited education and experience in business matters. G.S. 30-1.

APPEAL by defendants from *Gwyn, J.,* at Chambers in Danbury, North Carolina, 12 August 1963. From STOKES.

This is an action instituted under the provisions of the Uniform Declaratory Judgment Act of North Carolina, G.S. 1-253, et. seq., to determine whether the plaintiff in this action, Maude Joyce, the widow of the late Floyd P. Joyce, was estopped as a matter of law from dissenting within the statutory period of six months after probate, from her deceased husband's will, by her act of qualifying and serving for a brief time as co-executrix of said will.

This cause was heard on stipulated facts, and it was further agreed that the hearing might be out of session before the Resident Judge of the Seventeenth Judicial District.

It appears from the stipulated facts that Floyd P. Joyce died testate on 7 June 1962, that his will was probated in the office of the Clerk of the Superior Court of Stokes County, North Carolina, on 3 July 1962. That the testator named Tom Joyce and Floyd H. (Jack) Joyce, his sons, as executors, and Maude Joyce, his wife, as executrix, and when the will was probated the Clerk of the Superior Court named all of said parties as executors and executrix, respectively, to execute the said will.

On 20 December 1962, Maude Joyce, the plaintiff herein, filed a dissent to the will of Floyd P. Joyce and resigned as executrix of said will and her resignation was accepted by the court.

Other pertinent stipulations are as follows:

"The widow is entitled to a greater share in the estate by dissenting from the will than she would be entitled to if she accepted that which the will of Floyd P. Joyce provides for her.

"At the time of his death, Floyd P. Joyce was seventy-eight (78) years of age. He had been seriously ill for at least three (3) years next preceding the date of his death, and for several weeks prior to his death he was critically ill. Throughout the illness of Floyd P. Joyce, he was faithfully and constantly cared for and attended by Maude Joyce, the plaintiff. At the time of the death of Floyd P. Joyce, the plaintiff was seventy-five (75) years old, and the care and attention given by her to her husband, together with the anxiety she experienced, was an arduous ordeal for any elderly woman. The plaintiff also performed the household chores and tasks during this period of time. The nervous tension, strain and heartache incident to the illness, death and burial of her husband, Floyd P. Joyce, caused the plaintiff to be physically and mentally depleted and exhausted. The plaintiff was suffering from extreme mental and physical exhaustion on July 3, 1962, when she was sworn in as one of the Executors of the Will of her husband, and for a period of time thereafter. She had no conscious thought or recognition of the legal significance of any act which she did with reference to the estate on July 3, 1962, or in the time which followed.

"That the plaintiff has very limited education. She is inexperienced, unlearned, uninformed and was unadvised concerning business matters or legal matters at the time of the probate of the Will of Floyd P. Joyce, and of her appointment as one of the Executors of his Will. That she did not know the nature and extent of the property of her husband's estate, nor did she know or understand the terms and conditions of his will. She did not seek or receive the advice of an attorney concerning the will, or her rights and obligations under the will.

"That the plaintiff has not accepted any benefits under the terms of the Will of Floyd P. Joyce, or done or performed any act which would indicate that she desired to take under the terms of the will."

Based upon the court's findings of fact from the stipulated facts, the court concluded as a matter of law that, the act of qualifying as executrix under the circumstances disclosed did not estop the plaintiff from subsequently dissenting from the will of the late Floyd P. Joyce within six months after the probate, and the plaintiff is thereby entitled to a share in the estate of her late husband in the same manner and to the same extent as though he had died intestate. Judgment was entered accordingly.

Defendants appeal, assigning error.

*Hayes & Hayes for plaintiff appellee.*
*Leonard H. Van Noppen for defendant appellants.*

DENNY, C.J., The defendants assign as error the action of the court below in signing judgment to the effect that the act of qualifying as executrix under the circumstances involved did not estop the plaintiff from subsequently dissenting from her husband's will within six months after probate, and that she is entitled to take a share in the estate of her late husband in the same manner and to the same extent as though he had died intestate.

Ordinarily, where a widow offers a will for probate and qualifies as executrix thereunder, and enters upon the duties of her office, or knowingly takes property thereunder, she may not afterwards be allowed to resign and dissent from said will. *In re Meadows,* 185 N.C. 99, 116 S.E. 257.

It is otherwise when it appears that such widow "was at the time mentally and physically disqualified from attending to the business in hand or having any intelligent concept of what she was about." *In re Meadows, supra; In re Shuford's Will,* 164 N.C. 133, 80 S.E. 420, and cited cases; 166 A.L.R. Anno.—Wills—Election by Beneficiary, at page 323.

In the last cited case this Court said: "The widow having qualified as executrix, relying upon the advice of her son and son-in-law, the latter a member of the bar in active practice, and upon an assurance of the other executors by which she was led to believe that adequate provision would be made for her, which indeed the living children have endeavored to do, we think she was entitled to enter her dissent, notwithstanding her qualification, which she has done within the six months prescribed by the statute, upon finding that the assent of the living children would not be a protection to the executors in paying out the additional provision."

The statute G.S. 30-1 allows a widow six months from the probate of the will of her husband within which to dissent. "Clearly that time is allowed by the law to enable the widow to make an examination into the value of the estate, the debts and liabilities, and for her to come to an intelligent conclusion as to the course she should pursue under all the circumstances that surround her." *Richardson v. Justice,* 125 N.C. 409, 34 S.E. 441.

The stipulations in this case make it clear that the plaintiff was at no time between the death of her husband on 7 June 1962 and 3 July 1962, the date she qualified as executrix, mentally and physically capable of making an adequate examination of the value of her husband's estate or her rights with respect thereto.

It further appears from the stipulated facts, that in addition to plaintiff's mental and physical condition, she is an elderly woman of limited education and inexperienced in business matters; that she was uninformed and unadvised as to her legal rights. Therefore, she was in no position to make an intelligent decision with respect to the course she should pursue under the circumstances that surrounded her.

The judgment entered below is

Affirmed.