MARIE S. HURDLE v. LILLIAN I. SAWYER AND HUSBAND, FLEETWOOD SAWYER; PHILIP SAWYER; CHARLIE M. HURDLE AND WIFE, MARIE H. HURDLE; HARVEY HURDLE AND WIFE, KATHLEEN D. HURDLE; EMMA LOU HURDLE NORRIS AND HUSBAND, ROBERT NORRIS; JOSEPH L. HURDLE, JR. AND WIFE, NANCY HURDLE; AND DORIS HURDLE HOFFMAN, ADMINISTRATRIX, C.T.A. ESTATE OF JOSEPH L. HURDLE, DECEASED; AND DORIS HURDLE HOFFMAN, INDIVIDUALLY, AND HUSBAND, DANIEL HOFFMAN

No. 791SC795

(Filed 20 May 1980)

**Wills § 61.4—** qualification as administratrix c.t.a.—no estoppel of right to dissent
   Plaintiff's act of qualifying as administratrix c.t.a. of her husband's will did not constitute an election on her part to take under the will so as to bar her statutory right of dissent to the will.

APPEAL by defendants Lillian I. Sawyer, Fleetwood Sawyer, and Philip Sawyer from *Strickland, Judge.* Judgment entered 25 April 1979 in Superior Court, CHOWAN County. Heard in the Court of Appeals 4 March 1980.

This declaratory judgment action was brought by plaintiff, as the surviving widow of Joseph L. Hurdle, in which she sought a declaration that her dissent to the will of her late husband was valid. All of the devisees under the will were joined as defendants. Defendants Lillian I. Sawyer, Fleetwood Sawyer, and Philip Sawyer answered, alleging that plaintiff had qualified as administratrix c.t.a. of the will of Joseph L. Hurdle, and that by doing so, she had waived her right to dissent.

The matter was heard by the trial court without a jury, by consent of the parties. The trial judge entered judgment for plaintiff, from which the defendants appeal.

*Twiford, Trimpi and Thompson, by C. Everett Thompson, for the plaintiff appellee.*

*White, Hall, Mullen, Brumsey & Small, by William Brumsey III, for the defendant appellants.*

WELLS, Judge.

At the hearing before His Honor, Judge Strickland, plaintiff presented the testimony of six witnesses, including herself. Defendants offered no evidence. The trial judge found extensive facts and upon those findings, entered his conclusions of law favorable to plaintiff. All of the trial court's findings of fact are supported by the evidence and are therefore binding on appeal. The appeal presents but one question for our resolution: Whether Marie Hurdle lost her right to dissent to her husband's will when she qualified as the personal representative of his estate. The answer is that she did not.

In order to set the stage for our decision, we briefly recount the events and circumstances found as facts by the trial judge. Joseph L. Hurdle died testate on 23 January 1977. He was survived by his widow, Marie Hurdle, to whom he left nothing in his will, and by children who were beneficiaries under the will. The will was probated on 4 February 1977, on which date plaintiff applied for and was issued letters testamentary as administratrix c.t.a. of the will. At the time she qualified, plaintiff was sixty-nine years old, had not communicated with her deceased husband for eighteen years, was not accomplished in business affairs or the administration of estates, and did not have the assistance of legal counsel. On 2 March 1977 she was advised by counsel that she could dissent from the will. On the same day, her dissent was executed and filed with the Clerk. Notice of the dissent was sent to all devisees under the will, including the answering defendants. On 8 September 1978, plaintiff petitioned the Clerk to accept her resignation as administratrix c.t.a. in order that she might pursue her dissent to the will. On 2 October 1978, the Clerk entered an order accepting her resignation and approving her final account. Judge Strickland's conclusions, with which we agree, were that

plaintiff duly exercised her right to dissent, and that by qualifying as the personal representative of the estate, she did not make an election to take under the will, nor did she thereby waive or forfeit her right to dissent.

Earlier cases seemed to enunciate the rule that qualification by a surviving spouse as personal representative of the estate constituted an election to take under the will and hence operated to bar the right of dissent. The first of these was *Mendenhall v. Mendenhall*, 53 N.C. 287 (1860). The rule in *Mendenhall*, though not rigorously followed, found support in *In re Shuford's Will*, 164 N.C. 133, 80 S.E. 420 (1913); and *In re Will of Meadows*, 185 N.C. 99, 116 S.E. 257 (1923). Later cases have reflected a pronounced departure from *Mendenhall*. Justice (later Chief Justice) Sharp, writing for our Supreme Court in *Bank v. Barbee*, 260 N.C. 106, 108, 131 S.E. 2d 666, 669 (1963), set the tone:

> In the vast majority of jurisdictions the rule is that merely qualifying as executor or administrator c.t.a. is not sufficient standing alone, to constitute an election to take under the will but is a factor tending to establish such an election which must be considered in conjunction with all the other circumstances. [Citations omitted.]

Then in *Joyce v. Joyce*, 260 N.C. 757, 133 S.E. 2d 675 (1963) Chief Justice Denny, writing for our Supreme Court, approved the lower court's conclusion of law that the act of qualifying an executrix did not estop the widow from subsequently dissenting, where the evidence showed the widow to be elderly, of limited education, inexperienced in business matters, and uninformed and unadvised as to her legal rights.

In *Bank v. Stone*, 263 N.C. 384, 139 S.E. 2d 573 (1965) Justice Higgins, writing for our Supreme Court, approved the lower court's order finding a valid dissent, although the widow, though previously qualified as co-executor, later resigned and dissented, and there was no evidence of disability on her part. We believe Justice Higgins finally put *Mendenhall* to rest. There is no question in the case now before us that plaintiff properly and timely exercised her right of dissent, pursuant to the provisions of G.S. 30-1, G.S. 30-2, and G.S. 30-3. We hold that the act of qualifying as administratrix c.t.a. of her husband's will did not constitute an

election on her part to take under the will so as to bar her statutory right of dissent.

Affirmed.

Judges HEDRICK and WEBB concur.