Petition to set aside probate of will of Mrs. Betty V. Johnson, and to recall letters testamentary issued therein, heard on appeal from the clerk of Superior Court of Halifax County.
From the record it appears that the last will and testament of Mrs. Betty V. Johnson, deceased, had been formally admitted to probate before the clerk of Halifax County, acting as probate judge, on 17 May, 1907, said will purporting to have been made and duly witnessed on 1 June, 1906; that Dr. J. A. H. Edwards, a nephew of testatrix, had heretofore, in 1920, instituted an action in the Superior Court in the nature of a bill in equity against the devices in said will to set aside the same and the probate thereof, on the ground of fraud and undue influence, etc., that said cause had been dismissed on the ground that the plaintiff's remedy, if he had one, should be sought by direct proceedings before the clerk, where the probate was had. See case reported in 180 N.C. 55. That opinion having been certified down, the plaintiff, in November, 1920, filed this petition before said clerk acting as probate judge, alleging that the probate of *Page 559 
said will had been procured by fraudulent and perjured testimony; that same had not been made of its purported date, but in 1907, when the alleged Mrs. Johnson, his aunt, had been taken to the hospital, and when she was mentally and physically unable to execute this or any other instrument affecting her property, and said will had been thus fraudulently imposed upon the court, and was in fact and truth a spurious will, etc. These allegations were all denied by the propounders, whereupon the petitioner demanded and moved that a jury be allowed on the facts and the cause be transferred to the Superior Court in term for that purpose. This motion (524) was overruled and petitioner excepted. Thereupon the parties offered full affidavits in support and resistance of the petition, and the clerk having heard and considered the same, entered judgment as follows: "The court is of opinion and finds as a fact that no fraud has been perpetrated upon the undersigned clerk at the time of the probate of said will, and the issuing of letters testamentary; that said last will and testament was duly probated as provided by law, as appears from such probate, and the undersigned finds as a fact that said paper-writing is the last will and testament of the said Betty V. Johnson; that the said proceedings be dismissed and petitioner taxed with the costs."
On appeal, this cause was again considered by his Honor, John H. Kerr, judge presiding, and judgment entered fully confirming the action of the clerk. From which said judgment petitioner, Dr. Edwards, appealed.
It appears, also, that in November, 1920, the petitioner, Dr. Edwards, in a separate proceeding entered a caveat to said will and the probate thereof, and on the issues and devisavit vel non and the statute of limitations, which had been duly pleaded, the cause was tried before his Honor, Kerr, J., and a jury, at said January Term, 1921, of Halifax court, and verdict and findings made as follows:
"1. Is the paper-writing propounded, and every part thereof, the last will and testament of Mrs. Betty V. Johnson, deceased? Answer: `Yes' (by the jury).
"2. Is the caveat filed in this proceeding barred by the statute? Answer: `Yes' (by consent, the court answered the last issue)."
There was judgment establishing the will, and also to the effect that on the admitted facts the right of caveator to proceed was barred by the statute applicable. Caveator excepted and appealed.
On petition to set aside the probate: It is recognized in this State that a court vested with power and jurisdiction to admit wills to probate may, on motion and after due notice, set aside such proof in common form and recall the letters testamentary issued thereon, when it is shown that an invalid or spurious will has been imposed upon the court by reason of perjured testimony or other fraudulent means and practices effective in procuring the judgment.Edwards v. Edwards, 25 N.C. 82; Dickenson v. Stewart, 5 N.C. 99. And on a hearing of this character a jury trial is (525) not allowed as of right, but the matters in dispute are considered and determined as questions of fact by the court before which the action is pending or to which it may be properly carried by appeal. In re Battle, 158 N.C. 388; Taylor v. Carrow,156 N.C. 6; Edwards v. Cobb, Executor, 95 N.C. 5. Under proper procedure, therefore, both the clerk and the judge on appeal from him, after fully considering the evidence offered, have found that the petitioner's allegation of perjury and fraud are not sustained, but that the will, and every part thereof, is the last will and testament of Betty V. Johnson, the alleged testatrix. Apart from this, a petition of this kind is not granted as a matter of strict right, but by analogy to the relief afforded in setting aside irregular judgments and orders, the same is referred to the sound legal discretion of the court to be allowed only on full and satisfactory proof and on condition that the applicant has proceeded with proper diligence.
From a perusal of the facts in evidence it appears, and without substantial contradiction, that this petitioner was aware of this will and its contents very shortly after its probate in 1907; that for nearly ten years he made no efforts to investigate the facts attendant on its execution and took no steps to challenge the validity of this probate until his suit commenced in 1919 or 1920, nearly thirteen years after the probate of the will in common form, which he now seeks to set aside. It is urged for petitioner that he did not know of the impeaching facts now advanced and insisted on by him till 1917, and within three years before his suit in the Superior Court, and by analogy to the statute allowing a suit on account of fraud or mistake to be instituted within three years after discovery of the facts constituting the fraud, he should now be heard. This statute applicable to an adversary proceeding between litigants is not necessarily controlling in a hearing of this character, but if it were otherwise, the position would not avail the petitioner on the facts presented in the record, for the courts, in the interpretation of the statute referred to, have held that "under this section a cause of action will be deemed to have accrued when the fraud was known or should have been *Page 561 
discovered in the exercise of ordinary care." Peacock v. Barnes,142 N.C. 215, and speaking further to the question in that case, the Court said: "We do not hold, as appellant contends, that the statute begins to run from the actual discovery of the fraud, absolutely and regardless of any negligence or laches of the party aggrieved. A man should not be allowed to close his eyes to facts observable by ordinary attention and maintain for his own advantage the position of ignorance. Such a principle would enable a careless man, and by reason of his carelessness, to extend his right to recover for an indefinite length of time, and thus defeat the very purpose the statute was designed and framed to accomplish. In such case, a man's failure to note facts must be imputed to him for (526) knowledge, and in the absence of some actual effort to conceal a fraud or some of the essential facts embraced in the inquiry, we think the correct interpretation of the statute should be that the cause of action shall be deemed to have accrued from the time the fraud was known or should have been discovered in the exercise of ordinary diligence."
The condition of this testatrix when taken to the hospital in 1907, the time petitioner alleges the fraud took place, was known to him, or could have been readily discovered. Every witness that he now offers has all along been available to him. It is not shown that anything has been done by the propounders nor any one else to conceal the facts or mislead the petitioner in any way, nor that the facts could not have been readily ascertained if he had chosen to make inquiry. It is in keeping with a second public policy that the settlement of these estates and titles and ownership under them should not be kept open indefinitely, and in any aspect of this evidence we are of opinion that the prayer of the petitioner has been properly denied.
Affirmed.
HOKE, J. In the caveat proceedings: As heretofore stated, the cause in the caveat proceedings was determined on two issues:
1. Whether the paper-writing offered, and every part thereof, was the last will and testament of Betty V. Johnson, deceased?
2. Is the caveat filed in this proceeding barred by the statute?
On the first issue there was evidence offered by the propounders tending to prove the formal execution of the will, which was submitted in accord with the statutes appertaining to the subject and authoritative decisions construing the same, the court instructing the jury, among other things, that it was not required that the witnesses to a last will and testament should subscribe in the presence *Page 562 
of each other, nor was it necessary to a valid written will that it should be manually signed by the alleged testatrix, but if her name was signed thereto by some one in her presence and by her direction, or if such a signature was acknowledged by her as her signature to the instrument as her last will, it would suffice. Watson v. Hinson, 162 N.C. 72; In re Broach'sWill, 172 N.C. 520; In re Herring's Will, 152 N.C. 258; C. S. 4131-4144.
And in reply to the impeaching evidence on the part of the caveator there was further evidence for the propounder tending to support the validity of the will. For the caveator there were facts in evidence permitting the inference that the paper-writing offered was not signed or executed at the time it purported, in 1906, but was in fact written in 1907, after the alleged testatrix had been taken to the hospital, when she was entirely unfitted and incapable of making (527) any valid disposition of her property. And further, that the alleged will was either an outright forgery, or procured by the fraud of the propounder, the executor named therein, and one of the chief beneficiaries.
In a clear and comprehensive charge, in which this opposing testimony and every position arising thereon in favor of either party was intelligently referred to, the cause was submitted. The jury on the first issue have rendered a verdict sustaining the will, and the court trying same by consent of parties, finds on the second issue that the caveator's right is barred by the statute of limitations, and on careful examination we find nothing in the record to justify us in disturbing the results of the trial.
While there seems to be no error in the determination of the first issue, we do not deem it necessary to refer specially to the objections urged to that portion of the verdict for the reason that we concur fully in the ruling of his Honor that in any aspect of the testimony the appellant's right to enter and maintain the caveat is barred by the statute controlling the matter. Prior to 1907, there was no statute making direct provision as to the time within which a caveat could be entered, but in that year the Legislature, recognizing that it was clearly to sound public policy that the probate of wills and settlements of property thereunder should be left open to such uncertainties for an indefinite length of time, in ch. 862, Laws 1907, provided that such caveats should be entered at time of application, and probate of a will in common form or at any time within seven years thereafter, that any person interested in the estate might enter a caveat to a will, and as to all wills theretofore admitted to probate, a caveat must be entered within seven years from ratification of the act, to wit, 11 March, 1907. *Page 563 
The statute also contained the proviso that if any one entitled to file a caveat should be at the time within the age of twenty-one years or a married women or insane, they should have three years to file a caveat after the removal of the disability, etc. On the facts presented, this statute, appearing in C.S. 4158, in our opinion operates as a complete and conclusive bar to the maintenance of this caveat, it appearing by the admitted facts that the probate in common form was had before the clerk of the Superior Court of Halifax County, the proper tribunal, in 1907, and since that time the caveator, being under no disability, has done nothing to challenge or in any way question the validity of the will or probate thereof until 1919 or 1920. It is very earnestly insisted for the appellant that the statutory period should commence to run only from the time when he became aware of the essential facts, but the statute makes no such exception, and we are not allowed to make this addition to the statutory provisions. And if it were otherwise, if, as the appellant contends, we could apply to this case the statute governing adversary (528) actions instituted on the ground of fraud, that same could be commenced within three years after fraud discovered, C. S. 441, subsec. 9, it would not avail the appellant on the facts presented in this record.
As shown in the appeal on caveator's motion to set aside the probate in this case, our Court, in constructing the statute referred to has held that the cause of action will be deemed to have accrued at the time when the fraud was known or could have been discovered in the exercise of ordinary care. Peacock v. Barnes, 142 N.C. 215. And in this case it appears that the caveator was aware of this will and its contents at the time or very shortly after it was admitted to probate in common form, and for nearly thirteen, and certainly for ten years thereafter, he seems to have done nothing to investigate the matter and to have made no inquiry concerning it, although the witnesses on whom he now chiefly relies, the doctor and nurses at the hospital where the deceased was in here last illness and the alleged fraud was perpetrated, have been available to him during the entire period. The jury, after a full and fair hearing, have found the issue of fraud against the appellant, and, in any event, owing to his long delay and his own neglect, the law provides that a further inquiry is no longer open to him, and the judgment on the verdict must, therefore, be affirmed.
No error.
Cited: Latham v. Latham, 184 N.C. 64; In re Meadows, 185 N.C. 101; Inre Martin, 185 N.C. 475; In re Will of Witherington. *Page 564 186 N.C. 154; Clark v. Holmes, 189 N.C. 711; In re Will of Efird,195 N.C. 84; Stancill v. Norville, 203 N.C. 461; In re Will of Smith,218 N.C. 163; In re Will of Hine, 228 N.C. 410; In re Will of Pruett,229 N.C. 11; In re Will of Franks, 231 N.C. 255; In re Will of Williams,234 N.C. 235; Yount v. Yount, 258 N.C. 239.