IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF
JOHN S. HINE, DECEASED.

(Filed 19 December, 1947.)

**1. Wills § 16—**

Where the Clerk of the Superior Court probates a will in common form and records it in the manner prescribed, the record and probate is conclusive as to the validity of the will until vacated on appeal or declared void by a competent tribunal. G. S., 28-1; G. S., 31-16; G. S., 31-17; G. S., 31-18; G. S., 31-19.

**2. Wills § 17—**

Upon the proper filing of a caveat, G S., 31-32; G. S., 31-33; G. S., 31-36, the cause must be transferred to the civil issue docket where the proceeding is *in rem* for trial by jury, and neither party may waive jury trial, consent that the court hear the evidence and find the determinative facts or have nonsuit entered at his instance.

**3. Wills § 17: Clerks of Court § 4—**

While the Clerk of the Superior Court in proper instances may set aside a probate in common form, he may not do so on grounds which are properly determinable by caveat.

**4. Judgments § 20a—**

The power of a court to correct its records to make them speak the truth extends to clerical errors or to make the judgment entered express correctly the action taken by the court, but not to the correction of errors of law.

**5. Same: Clerks of Court § 4: Wills § 16—**

Where the Clerk of the Superior Court has admitted to probate in common form a purported will and two purported codicils as the last will and testament of a deceased, and caveat has been properly filed as to the second codicil and the cause transferred to the civil issue docket, the Clerk may not thereafter upon motion expunge from his records the entire probate proceedings and reprobate the purported will and second codicil on the ground that the second codicil revoked the first.

**6. Clerks of Court § 4—**

> The Clerk of the Superior Court in the exercise of his probate jurisdiction is an independent tribunal of original jurisdiction.

**7. Same: Courts § 4c—**

> Upon appeal to the Superior Court from action of the Clerk taken in the exercise of his probate jurisdiction, the jurisdiction of the Superior Court is derivative, and G. S., 1-276, does not apply.

APPEAL by Samuel R. Reid and Margie M. Reid, beneficiaries under the first purported codicil, and caveators to the second purported codicil to the purported last will and testament of John S. Hine, deceased, from judgment of *Clement, Resident Judge,* of Superior Court for 11th Judicial District, rendered in chambers at Winston-Salem, N. C., upon an appeal from an order entered by the Clerk of Superior Court of Forsyth County on 29 May, 1947.

These facts appear to form the basis on which the matters in controversy on this appeal rest:

John S. Hine, of Forsyth County, North Carolina, having died, DeVoe C. Clinard, who is named as a beneficiary in the purported will and second codicil and as an executor in the will, filed application on 23 February, 1946, for the probate in common form of three instruments of writing as follows:

1. A purported will of John S. Hine, dated 9 November, 1935, and identified in the record as Exhibit 317.

2. A purported codicil to the will of John S. Hine, dated 29 March, 1944, and identified in the record as Exhibit 318.

3. A purported codicil to the will of John S. Hine dated 2 September, 1944, and identified in the record as Exhibit 319.

Upon these applications, and the testimony of all of the subscribing witnesses to each of the three instruments of writing, the Assistant Clerk of Superior Court of Forsyth County found as a fact that Exhibits 317, 318 and 319 comprise the last will and testament of said John S. Hine, deceased, and, thereupon, so adjudged, and admitted same to probate in common form, and ordered same, together with the order of probate, to be registered in the Record of Wills in the Clerk's office.

Thereafter, on 18 February, 1947, Samuel R. Reid, who is named as an executor in the original will and as a beneficiary in the first codicil, Exhibit 318, and Margie M. Reid, who is named a beneficiary in the first codicil, Exhibit 318, filed in the office of the Clerk of Superior Court a caveat to the second codicil, Exhibit 319, and filed the statutory bond. Thereupon, on the same day the Assistant Clerk of Superior Court entered an order, in which, after reciting (1) the probate of the will in common form and the issuance of letters testamentary to DeVoe C.

Clinard, the executor named in one of the codicils, and (2) the filing of caveat as above stated, and (3) the transfer of the cause to the Superior Court for trial, DeVoe C. Clinard, the executor, was directed to suspend all further proceedings as required by law. The record shows that this order was served on Clinard by the sheriff on 21 February, 1947. And on 18 February, 1947, citations were issued to all persons interested under all three instruments of writing, and they were duly served.

Thereafter, on 9 April, 1947, DeVoe C. Clinard and Lettie Mabel McCuiston Clinard filed a motion and petition addressed to the Clerk of Superior Court praying that the entire probate proceedings before the Clerk, as hereinabove set out, be stricken out and expunged from the record, and that the will, Exhibit 317, and the second codicil, Exhibit 319, be probated in common form and re-recorded as such *nunc pro tunc.* The ground assigned for the motion is that the second codicil, Exhibit 319, purports to revoke the first codicil, Exhibit 318.

Pending the hearing on this motion, and on 14 April, 1947, DeVoe C. Clinard and Lettie Mabel McCuiston Clinard, filed an answer to the caveat which had been filed by Samuel R. Reid and Margie M. Reid to the second codicil, as hereinabove recited, and pray (1) that, if not already done by the Clerk of Superior Court, the court order that the probate heretofore made in common form be set aside in its entirety and that the original will, and the true codicil, the second one, be probated in common form *nunc pro tunc,* so that the record may speak the truth, and (2) that the paper writing referred to as Exhibit B, that is the first codicil, Exhibit 318, be eliminated as a part of the said will, and (3) that the jury pass upon the issue as to the paper writings legally before the court, that is, the original will and the second codicil, so as to establish same as the will of John S. Hine in solemn form upon an issue of *devisavit vel non.*

Thereafter, on 12 May, 1947, Samuel R. Reid and Margie M. Reid appeared specially before Clerk of Superior Court and moved to dismiss the Clinard petition for want of jurisdiction in the Clerk to entertain the petition or to enter an order granting the relief demanded.

Thereafter, on 29 May, 1947, the Clerk of Superior Court, upon hearing the petition of the Clinards filed 9 April, 1947, finding as a fact "that said probate was erroneously and improvidently ordered by this court and that the same should be set aside in its entirety and that the true and correct will and codicil of said John S. Hine should be probated in common form, *nunc pro tunc,*" ordered that the order and probate of the will of John S. Hine, made on 9 March, 1947, "be and the same is hereby set aside, and that the entire record thereof be and the same is hereby stricken from the record in its entirety for the reason that the same was erroneously and improvidently done by this court, and it is

so ordered." And, thereupon, the Clerk proceeded to probate in common form anew the purported will, Exhibit 317, and the purported codicil, Exhibit 319, as and comprising the last will and testament of John S. Hine, deceased.

Thereafter, on 5 June, 1947, Samuel R. Reid and Margie M. Reid gave notice of appeal and appealed from the order of the Clerk to the Judge upon grounds assigned and set out in detail in their appeal.

When the appeal came on to be heard, the Judge found facts substantially as hereinabove set out, and, further, that the second codicil, Exhibit 319, appearing in the record revokes and is inconsistent with the first codicil, Exhibit 318, and that for that reason the first codicil should not have been admitted to probate upon the original application for probate in common form, and concludes as a matter of law (1) that the Clerk of Superior Court of Forsyth County had jurisdiction to entertain the Clinard petition and to enter the order of 29 May, 1947, from which the appeal was taken; (2) that there was no defect of parties to the proceeding upon the petition; (3) that the order of the Clerk should be affirmed in all respects; and (4) that each and all of the objections and exceptions taken by Samuel R. Reid and Margie M. Reid to the action and nonaction of the Clerk as set out in their appeal are overruled. And thereupon the Judge entered judgment affirming the order of the Clerk and dismissing the appeal of Samuel R. Reid and Margie M. Reid, and remanding the cause to the Clerk for proceedings in conformity with this judgment.

Samuel R. Reid and Margie M. Reid appealed therefrom to the Supreme Court and assign error.

*Dallace McLennan and Ratcliff, Vaughn, Hudson & Ferrell for appellants.*

*Deal & Hutchins for appellees.*

WINBORNE, J. · This is the question presented by appellant for decision on this appeal:

After a paper writing purporting to be the will, and two other paper writings purporting to be successive codicils to the purported will of a decedent have been found by the Clerk of Superior Court to comprise the last will and testament of such decedent and, as such, has been admitted to probate in common form, and thereafter a caveat to the second codicil has been filed by two beneficiaries under the first codicil, and the cause has been transferred to the civil issue docket for trial and citations have been issued and served, and an answer to the caveat has been filed, does the Clerk of Superior Court have jurisdiction to entertain a motion to strike out, and to enter an order thereon striking out all the proceedings

relating to the probate in common form of the will comprised as afore-said, on the ground that the second codicil revokes the first, and then to admit the will and the second codicil to probate anew in common form as of the date of the original probate? The applicable statutes afford the answer in the negative.

The Clerk of the Superior Court of each county in the State has juris-diction, within his county, to take proof of wills and to grant letters testamentary in given cases. G. S., 28-1. And when a will has been probated in common form and recorded in the manner prescribed by statutes, G. S., 31-16, G. S., 31-17, and G. S., 31-18, the "record and probate is conclusive in evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal." G. S., 31-19, formerly C. S., 4145. See also *In re Will of Rowland,* 202 N. C., 373, 162 S. E., 897, and the authorities there assembled.

But at the time of application for probate of any will, and the probate thereof in common form, or at any time within seven years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the Superior Court and enter a caveat to the probate of such will. G. S., 31-32. And upon any caveator filing bond, with sufficient surety approved by the clerk for the amount and conditioned as prescribed by the statute, the clerk shall transfer the cause to the Superior Court for trial, and shall also forth-with issue a citation to all devisees, legatees or other parties in interest, to appear at the term of the Superior Court, to which the proceeding is transferred and to make themselves proper parties to the proceeding if they choose. G. S., 31-33. Also, where a caveat is entered and bond given, the clerk of Superior Court shall forthwith issue an order to any personal representative having the estate in charge, to suspend all further proceedings in relation to the estate, except the preservation of the prop-erty and the collection of debts, etc., until a decision of the issue is had. G. S., 31-36.

Moreover, a caveat is a proceeding *in rem.* As stated in *Whitehurst v. Abbott,* 225 N. C., 1, 33 S. E. (2d), 129, in opinion by *Barnhill, J.,* "In effect, it is nothing more than a demand that the will be produced and probated in open court, affording the caveators an opportunity to attack it for the causes and upon the grounds set forth and alleged in the caveat. It is an attack upon the validity of the instrument purport-ing to be a will . . . The will . . . is the *res* involved in the litigation."

And the decisions of this Court, applying the statutes above cited, are uniform in holding that when a caveat to the probate in common form of a paper writing propounded as the last will and testament of a de-ceased person has been filed and the proceeding begun before the clerk of the Superior Court has been transferred to the Superior Court for

trial at term time, on the issue raised by the caveat, as provided by the statute, the issue must be tried by a jury and not by the judge. Nor can the propounder and the caveator waive a jury trial or submit the case to the court on agreed statement of facts, or consent that the judge may hear the evidence and find the facts determinative of the issue. See *In re Will of Roediger,* 209 N. C., 470, 184 S. E., 74. Nor may a nonsuit be entered at the instance of the propounders or other parties concerned. *Burney v. Holloway,* 225 N. C., 633, 36 S. E. (2d), 5, and cases cited.

That the clerk of Superior Court has the power to set aside a probate in common form in a proper case is not debated. Such power is recognized in these cases: *In re Johnson's Will,* 182 N. C., 522, 109 S. E., 373; *In re Meadow's Will,* 185 N. C., 99, 116 S. E., 257; *In re Smith's Will,* 218 N. C., 161, 10 S. E. (2d), 676.

But appellants do contend, and rightly so, that the power of the clerk does not extend to the setting aside of a probate of a will in common form upon grounds which should be, and in this case are raised by caveat.

On the other hand, appellees raise this question: "Does not a court at any time, on motion of a party have authority to correct clerical errors in its records so as to make them express the truth, or to correct error in expression so as to state the true intent or decision of the court?" The answer to this question is found in a portion of the quotation from McIntosh, N. C. P. & P. in Civil Cases, Section 649, set out in appellee's brief, where the rule pertaining to this subject of correcting judgments is stated as follows: "A final judgment ends the proceeding as to the matter adjudicated and is presumed to be correct, but where there are clerical errors, or the judgment entered does not express correctly the action of the court, it may be corrected to make the record speak the truth. It is the duty of the court to see that the record correctly sets forth the action taken . . . This power cannot be extended to the correction of judicial errors, so as to make a judgment different from what was actually rendered, although the latter may be erroneous . . . It is intended to correct an error in expression, and not an error in decision."

Tested by this rule, the order of the Clerk of Superior Court from which appeal was taken to the Judge of Superior Court in this case, goes far beyond the limits of the rule. It does not correct, or purport to correct the record so as to show what actually transpired in the course of the original probate proceeding. It wipes the slate clean, and starts anew. This the Clerk may not do, under the circumstances of this case.

Appellees also submit this question: "If the clerk of the court did not have jurisdiction to make such an order, by reason of the transfer of the cause to the civil issue docket, is not the error cured by the order of the resident judge of the Superior Court who heard the motion and affirmed the order of the clerk of the court?" For an answer to this

question, they point to the statute, G. S., 1-276, which provides that "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

In this connection, it is appropriate to note that the Clerk of Superior Court in the exercise of his probate jurisdiction is an independent tribunal of original jurisdiction. *Hardy v. Turnage,* 204 N. C., 538, 168 S. E., 823; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873. Hence in the present case the jurisdiction acquired by the Judge of Superior Court on the appeal from the order of the Clerk of Superior Court, entered in the exercise of his probate jurisdiction, is derivative. *In re Estate of Styers,* 202 N. C., 715, 164 S. E., 123. And the Judge in considering the appeal acted in appellate capacity, and did not undertake to assume jurisdiction under the provisions of G. S., 1-276.

So, after all, the decision here reverts to the question of the power of the Clerk of Superior Court to enter the order vacating the probate of the will after caveat had been filed and the cause transferred to the civil issue docket of the Superior Court for trial in term. Holding as we do that the Clerk exceeded his jurisdiction under the circumstances, there is error in the judgment of Judge of Superior Court in affirming the order of the Clerk, and the judgment is

Reversed.