IN RE WILL OF A. S. SPINKS, DECEASED

No. 7019SC126

(Filed 1 April 1970)

1. **Wills § 9;   Clerks of Court § 3——   probate jurisdiction of clerk**

The authority to probate a will is vested in the clerk of superior court; and in the exercise of his probate jurisdiction, the clerk is an independent tribunal of original jurisdiction. G.S. Ch. 28.

In re Spinks

2. **Courts § 6— appeal to superior court from clerk — order of probate**
   Upon appeal from action taken by the clerk of the superior court in the exercise of his probate jurisdiction, the jurisdiction of the superior court is derivative and the provisions of G.S. 1-276 are not applicable.

3. **Wills § 9— motion to vacate probate — burden of proof**
   The burden of proof on a motion to vacate a probate is on the movants to establish sufficient grounds to set aside the probate.

4. **Courts § 6— appeal from probate order of clerk — findings of fact — review by superior court**
   Where, on appeal from an order of the clerk entered in his probate jurisdiction, there were no specific exceptions to the clerk's findings of fact or to the failure of the clerk to make findings of fact, the superior court was limited to a review of the record for errors of law therein, which included the question whether the clerk's findings of fact sustained his order denying the motion to set aside the probate.

5. **Wills § 9; Clerks of Court § 3— vacating probate of will**
   The power of the clerk to set aside the probate of a will in common form does not extend to grounds which should be raised by caveat.

6. **Wills § 9— motion to vacate probate of holographic will — denial**
   Motion addressed to the clerk of superior court to vacate the probate of a holographic will on the ground that the will was not in the handwriting of the testator *held* properly denied by the clerk, there being no inherent or fatal defect appearing on the face of the will; movants' proper procedure to challenge the probate is by caveat.

7. **Wills § 9— probate of will — conclusiveness**
   Where the clerk of the superior court probates a will in common form and records it properly, the record and probate are conclusive as to the validity of the will until vacated on appeal or declared void by a competent tribunal.

8. **Wills § 13— attack on probate — filing of caveat**
   The filing of a caveat is the customary and statutory procedure for an attack upon the testamentary value of a paperwriting which has been admitted by the clerk of superior court to probate in common form. G.S. 31-32.

9. **Wills § 13— purpose of caveat**
   The purpose of a caveat is to determine whether the paperwriting purporting to be a will is in fact the last will and testament of the person for whom it is propounded.

10. **Wills § 4— holographic will — typewritten words**
    It is common knowledge that typewritten words are not the "handwriting of a person whose will it purports to be."

APPEAL by Lonnie A. Spinks from *Martin (Robert M.)*, S.J., 30 September 1969 Session of Superior Court held in RANDOLPH County.

The following factual situation revealed by this record appears to be undisputed.

On 20 August 1968 Alvesta Spinks Glover, Jorhetta Robinson Evans, Howard Gurney Strickland, and Helen Strickland Robbins (movants) filed a motion with the Clerk of Superior Court of Randolph County to vacate the probate of the holographic will of A. S. Spinks. This motion was served on Lonnie A. Spinks (respondent) on 27 August 1968.

A. S. Spinks died a resident of Randolph County in February 1956 and owned a tract of land at the time of his death. Surviving him were: his widow, Maggie Cheek Spinks, who died 14 May 1959; a son, Gurney R. Spinks; a daughter, Alvesta Spinks Glover; and another daughter, Henrietta Spinks Robinson Strickland, who predeceased A. S. Spinks leaving three surviving children, to wit: Jorhetta Robinson Evans, Howard Gurney Strickland, and Helen Strickland Robbins.

Gurney R. Spinks died in 1968 leaving a will by the terms of which he devised all of his property to his son, Lonnie A. Spinks. No attack is being made upon the will of Gurney R. Spinks in this proceeding. In their motion to vacate the probate of the A. S. Spinks will, the movants assert that the property devised to Lonnie A. Spinks in this will includes the land owned by A. S. Spinks at the time of his death.

An instrument purporting to be the holographic will of A. S. Spinks was offered for probate by W. R. Maness, the executor therein named. Upon this application and the sworn testimony of three witnesses that the said instrument and every part thereof was in the handwriting of A. S. Spinks, and the sworn testimony of W. R. Maness that the said instrument was found among the valuable papers and effects of the said A. S. Spinks after his death, Carl L. King, Clerk of the Superior Court of Randolph County, on 23 February 1956, entered an order in which it was "adjudged by the court that the said paperwriting and every part thereof is the last will and testament of the said A. S. Spinks and the same is ordered to be recorded and filed."

W. R. Maness, the executor, took the oath as executor of the will of A. S. Spinks on 23 February 1956. On 24 April 1957 W. R. Maness as executor filed what purports to be a final account of his transactions as executor. In this "final account" it is stated that $100 was deposited with the Clerk of the Superior Court for distribution to "Henrietta Strickland Heirs." There is nothing in the record to reveal what disposition was made of this $100.

The only grounds for relief asserted by movants as entitling them to relief, which are categorically denied by respondent, are that the instrument probated as the last will and testament of A. S. Spinks was not in the handwriting of A. S. Spinks and "that this fact is apparent on the face thereof"; and "that the conduct of said Maness and Gurney R. Spinks in obtaining said probate was a fraud on the Court and the Court was imposed upon and misled by such conduct. By reason of such conduct the order of probate of said paper writing was improvidently granted." The motion was verified by Alvesta Spinks Glover on 30 July 1968.

Respondent filed a reply to the motion in which, among other things, he asserts that:

1. The motion to vacate the probate is a direct attack upon the will of A. S. Spinks; that such can be made only by caveat; and that the three years' statute of limitations set out in G.S. 31-32 is a bar to this motion.

2. The ten years' statute of limitations as set out in G.S. 1-56 is a bar to this motion.

3. The movants did not appeal the order of probate and have not proceeded with proper diligence under the circumstances and respondent "pleads the equitable doctrine of estoppel and laches."

A hearing on the motion was held by the clerk of superior court on 11 September 1968, and the pertinent part of an order in the matter entered by said clerk and filed on 13 September 1968, is as follows:

"The Movants opened their evidence by offering the Will for the purpose of showing that the same was not in the handwriting of the testator. The Court, being of the opinion that this constitutes an attack which can be raised only by a caveat proceeding; and it appearing that more than three years have elapsed since the order of probate was entered. ·

IT IS THEREFORE ORDERED, that the motion to set aside and vacate the probate be and the same is denied."

From the entry of this order, the movants appealed to the superior court. The cause came on to be heard in the superior court by Judge Robert M. Martin. The order of Judge Martin recites, among other things, that the movants introduced the original instrument, the probate order of 23 February 1956 admitting it to probate as the holographic will of A. S. Spinks, and an affidavit of Alvesta Spinks Glover sworn to on 25 September 1969, which date is subse-

quent to the hearing by the clerk. From the evidence, Judge Martin found as a fact that the instrument admitted to probate on 23 February 1956 is not in the handwriting of A. S. Spinks; that the movants have not been guilty of laches; that the instrument does not constitute a holographic will within the provisions of G.S. 31-3.4; and that the order admitting it to probate "was improvidently entered." The order of Judge Martin, dated 29 September 1969, vacates and sets aside the order of the clerk of the superior court entered 23 February 1956 admitting the instrument to probate as the last will and testament of A. S. Spinks.

Respondent Lonnie A. Spinks appealed to the Court of Appeals.

*Miller, Beck & O'Briant by G. E. Miller for respondent appellant.*

*Hoyle, Hoyle & Boone by T. C. Hoyle, Jr., and Harry Rockwell for movants appellees.*

MALLARD, C.J.

Randolph County is in the Nineteenth Judicial District. District courts are to be established in Randolph County on the first Monday in December 1970; therefore, the provisions of G.S. 7A-241, relating to the jurisdiction of the clerks of the superior court, and of G.S. 7A-251, relating to appeals from the clerk of the superior court to the judge of the superior court, are not applicable in this case. G.S. 7A-252.

[1] Under the pertinent provisions of Chapter 28 of the General Statutes, which are applicable in this case, the authority to probate a will is vested in the clerk of the superior court; and in the exercise of his probate jurisdiction, the clerk is an independent tribunal of original jurisdiction. *In re Will of Hine*, 228 N.C. 405, 45 S.E. 2d 526 (1947).

[2] Upon appeal from action taken by the clerk of the superior court, in the exercise of his probate jurisdiction, the jurisdiction of the superior court is derivative, and the provisions of G.S. 1-276 are not applicable. In the case of *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967), the Supreme Court said:

"To say that the Superior Court has jurisdiction to hear a probate matter only upon an appeal from a final judgment entered below does not mean that the judge can review the record only to ascertain whether there have been errors of law. He also re-

views any findings of fact which the appellant has properly challenged by specific exceptions."

**[3, 4]**    In this case, on the appeal by the movants from the order of the clerk of the superior court to the judge of the superior court, there were no specific exceptions taken to a failure to find facts or to the findings of fact that "the movants opened their evidence by offering the will for the purpose of showing that the same was not in the handwriting of the testator" and that "more than three years have elapsed since the order of probate was entered." The burden of proof on a motion to vacate a probate is on the movants to establish sufficient grounds to set aside the probate. In this case the clerk did not find that the probate was improvidently granted or that the court had been imposed upon or that some inherent or fatal defect appeared upon the face of the instrument and did not find sufficient facts to vacate the probate. The evidence, if any other than the will, before the clerk does not appear in this record. Since there was no proper challenge to the findings of fact that were made by the clerk or the failure of the clerk to make findings, the judge of the superior court in this case was limited in his review of the record to a determination of whether there were errors of law therein. *In re Estate of Lowther, supra; In re Sams,* 236 N.C. 228, 72 S.E. 2d 421 (1952). The appeal in this case carried to the judge the question of whether the findings of fact by the clerk sustained the order denying the motion to set aside and vacate the probate. In the absence of other findings of fact, we think that the facts found by the clerk do sustain the order denying the motion to vacate.

**[5]**    It is settled law that the clerk of the superior court has the power to set aside a probate of a will in common form in a proper case. *In re Will of Smith,* 218 N.C. 161, 10 S.E. 2d 676 (1940); *In re Meadows,* 185 N.C. 99, 116 S.E. 257 (1923). In *Meadows* the Court stated that this power could be exercised by the clerk where it is clearly made to appear that the adjudication and orders have been improvidently granted or that the court was imposed upon or misled as to the essential and true conditions existent in a given case. However, this power of the clerk does not extend to the setting aside of the probate of a will in common form upon grounds which should be raised by caveat. *In re Will of Hine, supra.* The question therefore arises in this case as to whether, under the factual situation presented here, the motion to vacate the probate is the proper procedure.

**[6]**    In the case before us the entire instrument is in handwriting. Movants deny that it is in the handwriting of A. S. Spinks. In Feb-

ruary 1956 when the instrument was probated as the last will and testament of A. S. Spinks, and properly recorded, the Clerk of the superior Court of Randolph County had the instrument before him and examined three witnesses as to its validity, all as required by the statute, G.S. 31-18.2. Movants now seek to have the probate set aside by motion in the cause upon a consideration of the instrument and the affidavit of one of the movants, Alvesta Spinks Glover, who also was the only one of the movants who verified the motion in the cause. This affidavit, considered by the judge, could not have been considered by the clerk because it was not sworn to until 25 September 1969, and the hearing before the clerk was held in September 1968. The instrument admitted to probate in the case before us, when considered as of the death of A. S. Spinks, and prior to the death of Maggie Spinks, and when the surplusage therein is disregarded, appears to be in the form of a holographic will as required by G.S. 31-3.4. *In re Cole's Will*, 171 N.C. 74, 87 S.E. 962 (1916).

[6, 7]    It is settled law that where the clerk of the superior court probates a will in common form and records it properly, the record and probate are conclusive as to the validity of the will until vacated on appeal or declared void by a competent tribunal. *Yount v. Yount*, 258 N.C. 236, 128 S.E. 2d 613 (1962); *In re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488 (1948); *In re Will of Hine, supra;* G.S. 31-19. In the case before us the statutory procedure for the probate of the will in common form by the clerk of the superior court in 1956 is not challenged. Neither is there a challenge to the validity of the actual recording of this probate. However, the validity of the will itself is challenged by the allegation that it is not in the handwriting of the testator.

[8, 9]    The filing of a caveat is the customary and statutory procedure for an attack upon the testamentary value of a paperwriting which has been admitted by the clerk of superior court to probate in common form. G.S. 31-32. See *In re Will of Charles*, 263 N.C. 411, 139 S.E. 2d 588 (1965). The purpose of a caveat is to determine whether the paperwriting purporting to be a will is in fact the last will and testament of the person for whom it is propounded. *In re Will of Morrow*, 234 N.C. 365, 67 S.E. 2d 279 (1951).

In the case of *In re Will of Puett, supra,* the clerk, in 1945, admitted a paperwriting to probate as the will of the decedent. In 1947 a subsequent paperwriting was offered as the will of the decedent. The clerk adjudged that the 1947 paperwriting was the last will and testament of the decedent and declared that the instrument probated as the will in 1945 was "null and void." Thereafter, upon

motion made to vacate the probate of 1947, the clerk entered an order revoking the 1947 probate. This latter order was appealed. The Court there said that *"(i)t is only by a caveat or proceeding in that nature that the validity of a properly probated will, and one without 'inherent or fatal defect appearing on its face' (Edwards v. White, 180 N.C., 55, 103 S.E., 901), may be brought in question.* To hold otherwise would be productive of confusion and uncertainty. *McClure v. Spivey,* 123 N.C., 678, 31 S.E., 857." (Emphasis Added.)

We do not agree with the movants' contention that the factual situation in the case of *In re Will of Smith, supra,* is on all fours with the case before us. In *Smith,* the motion was to set aside a codicil or supplemental will of the decedent. The validity of the original will was not attacked. There was no controversy as to the facts. The purported holographic codicil or supplemental will was partially in handwriting and partially typewritten. The Supreme Court, in holding that the purported holographic codicil or supplemental will was improvidently admitted to probate in common form, said:

> "An examination of the instrument leads us to the conclusion that it was not in form sufficient to be entitled to probate as a holographic will. The words written by J. F. Smith on the typewritten statement of his assets in 1932 are insufficient of themselves to constitute a valid will. The reference to property as 'willed to my wife' apparently related to his will dated 10 October, 1921. The *animus testandi* does not appear."

[10]    The Smith will contained an inherent or fatal defect appearing on its face. It is common knowledge that typewritten words are not the "handwriting of a person whose will it purports to be." In the case before us the entire instrument is in handwriting, and we cannot say that there is an inherent or fatal defect appearing on the face of the instrument or the probate record. We think that the lack of controversy as to the factual situation and the fact that in *Smith* portions of the instrument were typewritten distinguish the *Smith* case from the case before us.

In the case of *In re Johnson,* 182 N.C. 522, 109 S.E. 373 (1921), there was a petition to set aside the probate of the will for fraud. In the petition it was alleged that the probate had been procured by fraudulent and perjured testimony. It was held that the motion was properly filed and heard by the clerk of superior court upon affidavits. The clerk found that no fraud had been perpetrated and that the paperwriting was the last will and testament of the decedent. Upon appeal the judge of superior court entered a judgment

fully confirming the clerk. During the same month that the petition to set aside the probate was filed, the petitioner also filed a caveat proceeding which was tried by a jury. The judgment and order of the clerk, and upon appeal, of the judge of the superior court, are compatible with the answers of the jury to the issues submitted to them. The petitioner in the motion, who was the caveator in the caveat proceeding, appealed from the ruling of the court on the motion to vacate as well as the caveat proceeding.

In *Johnson*, the Supreme Court affirmed the judgment of the superior court judge in the motion to vacate the probate and found no error in the jury trial on the caveat proceeding.

*Johnson* is distinguishable from the case before us in that in *Johnson*, there was both a motion to vacate the probate heard by the clerk, and upon appeal by the judge, and a caveat proceeding in which the question of *devisavit vel non,* as well as the question of the statute of limitations, was decided by the jury. In the case before us, there has been no caveat filed, and the questions of *devisavit vel non* and the statute of limitations have not been decided by the jury as they were in *Johnson.*

For the reasons stated, on this record, the order of the Clerk of the Superior Court of Randolph County denying the motion to vacate the probate is held to be correct, and the judgment of the Superior Court entered herein is

Reversed.

MORRIS and VAUGHN, JJ., concur.