IN THE MATTER OF THE WILL OF DAVID EVANS

No. 794SC833

(Filed 1 April 1980)

**Wills § 15— caveat — statute of limitations — no tolling for intrinsic fraud — failure to show extrinsic fraud**

> The trial court did not err in allowing propounder's motion to dismiss a caveat as not having been brought within the three year statute of limitations

pursuant to G.S. 31-32 since the will was admitted to probate in 1972; the caveat was filed in 1978; intrinsic fraud would not toll the time limitation; the only extrinsic fraud alleged by caveators was that propounder misled them as to the contents of the will; the contents of the will were discoverable as a matter of public record from the time of probate; and caveators alleged no fact tending to show an interference with their right to attack the will by caveat.

APPEAL by caveators from *Strickland, Judge.* Order entered 2 March 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 7 March 1980.

On 24 April 1972 a paper writing dated 26 January 1970 purporting to be the Last Will and Testament of David Evans was admitted to probate in common form in the office of the Clerk of Superior Court of Onslow County. Sudie Evans, the widow of David Evans, was appointed administratrix, C.T.A. On 20 July 1978, the caveators, daughters of the testator, filed this proceeding to caveat said will. The caveators alleged that said purported will was not the last will and testament of David Evans in that (a) said will was executed at a time when David Evans was mentally and physically incapable of executing a will and (b) that the purported will was signed by David Evans in the absence of the purported witnesses. Caveators further alleged that the purported will was presented to court with intent to perpetrate a fraud upon the court and heirs of David Evans; that the appointment of Sudie Evans as administratrix, C.T.A., was improper; that at the purported probate of the estate the caveators were led to believe that the purported will devised the property to the widow and all the children of the deceased; that the caveators did not investigate the will until the widow sought to dispose of the property; that the deceased's son, David N. Evans, misled the widow and the caveators and that his misleading constitutes fraud.

On 30 August 1978, David N. Evans, the propounder of the will, filed a motion to dismiss the caveat proceeding on the ground that the caveat proceeding was not filed within three years after the probate of the will as required by G.S. 31-32. On 11 October 1978 the caveators filed a response to the propounder's motion to dismiss wherein they alleged that the cause of action should be deemed to accrue from the time the fraud was known or should have been discovered in the exercise of due

diligence; that the caveators discovered the fraud on 8 November 1977, that the caveat was filed within three years of this discovery and that the issue of the running of the statute of limitations based on the question of fraud is a jury issue.

On 2 March 1979, the court allowed the propounder's motion to dismiss the caveat pursuant to G.S. 31-32. Caveators appealed.

*Bailey, Raynor & Erwin, by Frank W. Erwin, for appellant-caveators.*

*Beaman, Kellum, Mills & Kafer, by James C. Mills and George M. Jennings, for appellee-propounder.*

MARTIN (Robert M.), Judge.

The caveators' sole assignment of error is whether the trial court erred in allowing the propounder's motion to dismiss the caveat as not having been brought within the three year statute of limitations pursuant to G.S. 31-32. G.S. 31-32 provides in pertinent part:

> At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will: . . .

The time limitation contained in G.S. 31-32 has been held to be a "substantive" limitation on the right of action.

> As the statute permitting caveats is in derogation of the common law, it must be strictly construed. (Citations omitted)

> In enacting the statute as it now exists, the Legislature intended to circumscribe the right rather than limit the remedy . . . G.S. 31-32. This constitutes a statutory grant of a right. The time provision is more than a mere limitation which may be waived by the parties. It is a condition attached to the right. Hence, upon the expiration of the seven-year [now three year] period specified in the Act, the right ceases to exist.

*In re Will of Winborne*, 231 N.C. 463, 466-67, 57 S.E. 2d 795, 799 (1950). *See generally* 51 Am. Jur. 2d Limitation of Actions § 15.

The general rule is that when a statute creating the right to contest a will and imposing a limitation of time therefor is construed as affixing an inseparable condition to the exercise of the right, that period so limited will not be tolled by fraud other than extrinsic fraud which would vitiate the probate proceeding. A contest not timely instituted based on other than extrinsic fraud is wholly barred although by reason of the wrongful conduct of the propounder, the contestants were not apprised of the situation soon enough to comply with the limitation requirement. Annot., 15 A.L.R. 2d 500, 515 (1951), 80 Am. Jur. 2d Wills § 885 (1975).

North Carolina is in accord with the general rule that intrinsic fraud will not toll the time limitation. In *In re Johnson*, 182 N.C. 522, 109 S.E. 373 (1921) after the statutory time had expired, the caveator contested the validity of the will on the grounds that the will was not executed at the time it was purported to be executed but was executed when testatrix was mentally incapable of making a valid will and that the alleged will was either an outright forgery or procured by the fraud of the propounder. In *Johnson* the caveator earnestly insisted, as do the caveators here, that in actions grounded on fraud the statutory period should commence to run only from the time when the caveator became aware of the essential facts. The Supreme Court held that ". . . the statute makes no such exception, and we are not allowed to make this addition to the statutory provisions." *Id.* at 527, 109 S.E. at 376. 3 Bowe-Parker, Page on Wills § 26.47 (rev. 3d ed. 1961).

The crucial question then is whether the allegations in the complaint and in response to the motion to dismiss constitute intrinsic or extrinsic fraud. Intrinsic fraud arises within the proceeding itself and concerns some matter involved in the determination of the cause on its merits. 8 Strong's North Carolina Index 3d, Judgments, § 27.1 (1977). In applying this principle to the probate of a will, the question of fraud in obtaining the execution of the will, undue influence, forgery, and the like may be submitted to the probate court in a direct attack on the will by caveat. Fraud of this nature is intrinsic fraud. 3 Bowe-Parker, Page on Wills § 26.20 (rev. 3d ed. 1961). Extrinsic fraud, on the

other hand, relates to the manner in which the judgment is procured. It must relate to matters not in issue and prevent a real contest in the trial. 8 Strong's North Carolina Index 3d, Judgments, § 27 (1977). Fraud practiced directly on the party seeking relief from the probate judgment which prevented him from presenting his case to the court is extrinsic fraud. *Johnson v. Stevenson*, 269 N.C. 200, 152 S.E. 2d 214 (1967). We note that a judgment can be attacked for extrinsic fraud only by independent action. *Id.* at 205, 152 S.E. 2d at 218.

In the case *sub judice*, the mental and physical capacity of the testator and administratrix, as well as the circumstances surrounding the signing of the will were known or should have been known to the caveators at the time of probate. Caveators were notified of the probate proceeding and of the appointment of their mother as administratrix. The caveators do not claim that the propounder misled them on either the capacity of testator and administratrix or on the execution of the will, the grounds on which caveators now seek to challenge the will. Any fraud relating to the validity of the will or the presentation of the will by the propounder to the court constitutes intrinsic fraud, as in *In re Johnson*, 182 N.C. 522, 109 S.E. 2d 373 (1921) and does not toll the statute of limitations.

The only alleged fraud practiced directly upon the caveators is that the propounder misled them as to the contents of the will. As a result of this misleading, the caveators ". . . did not undertake the investigation until the widow of the deceased sought to dispose of the property . . ." and caveators " . . . made no attempt to inquire into the specific status of said purported will or property." Aside from the fact that the contents of the will were discoverable as a matter of public record from the time of probate on 24 April 1972, it is apparent from the deposition of Mrs. Evans, the administratrix and mother of the caveators, that she knew enough of the contents of the will from the time it was executed to know the caveators were to receive a sum of money instead of the property. Caveators were not prevented from learning of the contents of the will. Caveators have alleged no fact tending to show their right to attack the will by caveat was interfered with.

Caveators secondly argue that the issue of whether or not the caveat was barred by G.S. 31-32 is a factual issue which can

be determined only by a jury. The caveators' reliance upon *In re Johnson*, 182 N.C. 522, 109 S.E. 373 (1921) in support of their argument is misplaced. In *Johnson* the issue of whether the caveat was barred by the statute of limitations was tried by the court with the consent of the parties not by the jury. *Id.* at 524, 527, 109 S.E. 2d at 374, 375. We note that our statement in *In re Spinks*, 7 N.C. App. 417, 425, 173 S.E. 2d 1, 6 (1970), that the question of *devisavit vel non*, as well as the question of the statute of limitations, was decided by the jury in *Johnson* is in error.

The fact that the parties in *Johnson* consented to the trial of the limitations issue by the court is not controlling as that issue was properly tried by the court as a matter of law. "While ordinarily whether a cause is barred by the apposite statute of limitations is a mixed question of law and fact, where the facts are admitted or established the question of the bar of the applicable statute pleaded becomes a question of law, and when such facts disclose that the action is barred the court may sustain the plea and dismiss the action." 8 Strong's N.C. Index 3d, Limitation of Actions, § 18 (1977). Since the facts in this case disclose that the caveat was barred by the three year statute of limitations, the court did not err in granting propounder's motion to dismiss the caveat proceeding.

Affirmed.

Judges CLARK and ERWIN concur.