TIMMONS-GOODSON, Judge.
Angela Marie Stephenson Black ("plaintiff") appeals the trial court order denying her motion for summary judgment. Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the trial court's order.
The facts and procedural history pertinent to the instant appeal are as follows: Plaintiff married Francis Eugene Black, III, ("Black") on 8 April 2000. Prior to their marriage, plaintiffand Black entered into a premarital agreement which contained the following pertinent provisions:
1. 11 Guinevere Court, Asheville, North Carolina 28806[.]
Each party agrees that the real property located at 11 Guinevere Court, Asheville, North Carolina, 28806, is and was separate property owned by and vested in Francis E. Black, III, prior to the marriage between the parties. Each party agrees that said property shall remain the separate property of Francis E. Black, III, unless otherwise agreed by them in writing, or unless otherwise gifted by Francis E. Black, III, to Angela Marie Stephenson[.]
2. Merrill Lynch Accounts. It is agreed that any and all Accounts maintained at Merrill Lynch in the name of Francis E. Black, III, shall remain as his sole and separate property.
. . . .
4. EXECUTION AND EFFECTIVENESS. To clarify certain aspects of this Agreement, this execution and effectiveness [sic] agree as follows:
. . . .
b. This Agreement shall be binding upon and enure to the benefit of the parties and their respective heirs, executors, personal representatives, successors and assigns.
Black died testate on 20 June 2000. Black's will, which was subsequently admitted to probate, made several specific bequests to family members and left the remainder of his property to a friend, Robin Miller Hamrick (now Murdock). Plaintiff received no bequest under the terms of the will, but was appointed administratrix on 28 August 2000. On 26 June 2001, plaintiff sought to resign as administratrix, and the trial court accepted plaintiff's request ina consent order dated 25 October 2001.
Prior to submitting her resignation as administratrix, plaintiff filed a dissent from Black's will and claimed a surviving spouse's year's allowance of $10,000.00. On 13 December 2002, defendants filed a motion contesting plaintiff's right to dissent from the will and claim a year's allowance. Defendants alleged that the premarital agreement entered into by Black and plaintiff barred plaintiff from dissenting from Black's will and from claiming the year's allowance.
On 20 May 2003, plaintiff filed a declaratory judgment complaint which contained the following pertinent allegations:
9. That prior to submitting her resignation as Administratrix CTA, Plaintiff timely[:]
A. Claimed the surviving spouse's year allowance of $10,000.00; and
B. Filed a dissent from the will of Francis Eugene Black, III.
10. That Plaintiff's resignation was accepted by the court through a consent order dated October 25, 2001.
11. Following the acceptance of Plaintiff's resignation, Robin M. Hamrick (Murdock) qualified as Executrix of the Estate of Francis Eugene Black, III[,] on November 9th, 2001.
12. That no order allowing dissent has been entered by the court and the defendant executrix contends that Plaintiff's right to dissent and her right to a surviving spouse's year's allowance is bar[r]ed by the prenupt[i]al agreement[.]
13. As a result of the forgoing, there is an actual controversy between the Plaintiffand the Defendants relating to their respective rights and obligations.
Based upon these allegations, plaintiff requested that the trial court "declare the validity of Plaintiff's dissent from the will of her husband and the validity of her claim of the surviving spouse's year's allowance."
On 10 July 2003, defendants filed an answer requesting that the trial court dismiss plaintiff's claim, noting as follows:
It appears from the face of the action that the same seeks a declaratory judgment on an issue which is currently before the Clerk of Superior Court for determination. Defendants contend that the Clerk of Superior Court has exclusive jurisdiction over the estate and the matters which have arisen since the initial probate proceedings. The Estate filed its motion regarding the Plaintiff's dissention request with the Clerk of Superior Court and has since awaited a hearing on said matter. To allow this action to move forward would in essence, circumvent the jurisdiction of the Clerk of Superior Court.
Defendants requested in the alternative that the trial court declare that the premarital agreement barred plaintiff's right to dissent from the will and claim a year's allowance.
On 22 October 2003, plaintiff filed a motion for summary judgment, in which she requested judgment in her favor as to the issues raised in her declaratory judgment complaint. On 12 December 2003, defendants filed an answer to plaintiff's motion and reasserted that the trial court lacked jurisdiction over plaintiff's claim. On 29 December 2003, the trial court filed an order denying plaintiff's motion for summary judgment after finding that the premarital agreement barred plaintiff's right to dissentfrom the will and claim a year's allowance. Plaintiff appeals.
The dispositive issue on appeal is whether the trial court obtained subject matter jurisdiction over plaintiff's motions. Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the trial court's order.
The clerk of the superior court of each county has exclusive jurisdiction over the administration, settlement, and distribution of a decedent's estate. N.C. Gen. Stat. § 28A-2-1 (2003). "[I]n the exercise of his probate jurisdiction, the clerk is an independent tribunal of original jurisdiction." In re Spinks, 7 N.C. App. 417, 421, 173 S.E.2d 1, 4, cert. denied, 276 N.C. 575 (1970). Thus, "jurisdiction in probate matters cannot be exercised by the judge of the Superior Court except upon appeal." In re Estate of Lowther, 271 N.C. 345, 354, 156 S.E.2d 693, 700 (1967).
In the instant case, on 13 December 2002, defendants filed with the Clerk of Superior Court of Buncombe County an action contesting plaintiff's right to dissent from Black's will and claim a year's allowance. Defendants alleged that the premarital agreement entered into by plaintiff and Black barred plaintiff from dissenting from Black's will and claiming the year's allowance. However, rather than awaiting the Clerk of Court's resolution of the matter, plaintiff requested that the trial court declare judgment in her favor prior to the Clerk's decision. In light of the provisions of N.C. Gen. Stat. § 28A-2-1 and relevant case law, we conclude that the trial court was without jurisdiction to ruleupon plaintiff's motions. Therefore, we vacate the trial court's order.
Vacated.
Judges TYSON and GEER concur.
Report per Rule 30(e).